99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BILLUPS, Plaintiff-Appellant,
v.
Maggie BAGLEY; Ricky Minard; D.F. Shewalter; Tommie
Sheets, Defendants-Appellees.
 No. 96-3143.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1996.
 
 1
 Before: NELSON and NORRIS, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 David Billups, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Billups sued four prison officials (Bagley, Minard, Shewalter and Sheets) in their individual and official capacities. He claimed that: 1) defendants denied him access to the courts by confiscating his legal materials as well as by denying him library materials, legal forms and legal assistance; and 2) defendant Bagley violated his due process rights by placing him in administrative control segregation. Upon the defendants' motion, the district court granted summary judgment in favor of the defendants.
 
 
 4
 In his timely appeal, Billups reasserts his same claims.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons stated in its opinion. Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). His right of access to the courts was not violated as he did not show any actual injury to pending or contemplated litigation that challenges his sentence or conditions of confinement. See Lewis v. Casey, 64 U.S.L.W. 4587, 4588-90 (U.S. June 24, 1996). Moreover, the defendants did not violate his rights by placing him in administrative segregation as he had no inherent constitutional right to remain free of administrative segregation, see Hewitt v. Helms, 459 U.S. 460, 468 (1983), and as he did not suffer "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation